IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–51–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALLEN DUANE TURMAN, | |
| Defendant. | |

On September 21, 2018, United States Magistrate Judge Jeremiah C. Lynch held a hearing to determine whether to release Defendant Allen Duane Turman pending trial in this matter. Judge Lynch ultimately decided to release Turman to the care of his parents while imposing conditions upon his release. After the conclusion of the hearing, the United States moved for both a Stay of Release Order (Doc. 9) and Revocation of Release Order (Doc. 11). On September 25, 2018, this Court denied the Government's requested stay and implemented an expedited briefing schedule on this issue. Turman has now been given an opportunity to express his objection to the requested revocation of his pre-trial release. For the following reasons, the United States' Motion will be granted and Turman's release revoked.

## DISCUSSION

This Court's review of Judge Lynch's release order is authorized by 18 U.S.C. § 3145. Pursuant to § 3145(a), the United States' Motion for revocation of Judge Lynch's release order is to be determined promptly. The Court must conduct a *de novo* review of Judge Lynch's release order with "the ultimate determination of the propriety of detention . . . to be decided without deference to the magistrate's ultimate conclusion." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir 1990). Absent any indication by either party that there is additional evidence pertaining to this issue that was not before Judge Lynch, this Court is satisfied that an evidentiary hearing is unnecessary. *Id.* ("Even under the proper 'de novo' requirement, the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate.").

The release of a defendant pending trial is governed by the Bail Reform Act of 1984 at 18 U.S.C. § 3142. "The Act mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). Where there is probable cause to believe

the defendant committed an offense involving a minor victim, there arises a rebuttable presumption that "no conditions will reasonably assure the appearance of the person as required and the safety of the community." § 3142(e)(3). Here, the rebuttable presumption applies because Turman is charged with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a). Consequently, Turman must "proffer[] evidence to rebut the presumption of dangerousness." *Hir*, 517 F.3d at 1086. However, rebuttal does not erase the presumption but, instead, the "presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Section 3142(g) obligates the Court to consider four factors when determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the public:

> (1) the nature and circumstances of the offense charged, including whether the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*Id.* Despite the statutory presumption, the Government retains its burden of proving dangerous by "clear and convincing evidence." § 3142(f)(2)(B); *Hir*, 517 F.3d at 1086 (citing *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)).

Here, Turman's father testified that Turman could live with his parents pending trial and that they would report any violation of his conditions. Judge Lynch found, and this Court agrees, that this evidence was sufficient to rebut the presumption that Turman presents a danger and a risk of flight. Accordingly, Turman's presumed dangerousness and risk of flight become a factor militating against his release in the ensuing analysis of the remaining factors contained in § 3142(g). *Hir*, 517 F.3d at 1086. With this framework, the Court proceeds to analysis of those factors.

**A. Nature and Circumstances of Offense Charged**

Turman is charged with three counts of Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) as well as two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Turman's surreptitious filming of his two daughters, and his younger daughter in particular, while they changed, bathed, and used the restroom form the basis of the three charges for Sexual Exploitation of a Child. Particularly important here is the fact that Turman is alleged to have perpetrated these crimes against his own flesh and blood. The

Court considers this fact to clearly demonstrate that Turman presents a danger to minor children because it shows that his perverse sexual appetite is whetted to the point where he is willing to perpetrate his crimes upon his own children.

In addition, Turman is also alleged to have a cache of known child pornography that is sadistic or masochistic in nature, depicting the vaginal, anal, and oral penetration of prepubescent boys and girls, children engaged in bestiality, and the anal penetration of a baby. Turman's offenses are undeniably serious in nature and involve circumstances endangering the community. *See, e.g.,* Pub. L. No. 104-208, § 121, 110 Stat. 30009 (codified at 18 U.S.C. § 2251) ("The existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children."); *see also United States v. Morace*, 594 F.3d 340, 350 (4th Cir. 2010) (emphasizing that child pornography crimes are considered serious and deserve serious sanctions).

Consequently, this factor weighs against Turman's release.

### B. Weight of the Evidence

The weight of the evidence against Turman is to be ascribed the least significance in the present calculus. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Nonetheless, the weight of the evidence against Turman is significant. Turman is recorded by the hidden cameras as he is setting them up in

-5-

his daughter's bedroom. Turman partially admitted the crimes against his daughters during an interview with investigators, stating that he did not recall making the videos but not disputing that he did. Turman signed a consent to search his cellular phone which was found to have known images of child pornography as described above. Additionally, Turman stated that investigators would find the search term "incest" on his cellular phone.

The heinous nature of the pornography allegedly discovered in Turman's possession indicates that Turman did not casually peruse child pornography or merely indulge a moment's perverse curiosity. Turman's phone is purported to only contain pornographic images. In addition to the fact that Turman was creating child pornography of his daughters, this indicates that Turman's appetite for child pornography is dangerous. In making this determination, the Court in no way means to make a preliminary determination of Turman's guilt but merely expresses the level of dangerousness Turman presents upon release. *See id.* (stating that the first two factors "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community."). Turman's ravenous and perverse sexual appetite make him particularly dangerous and this factor weighs against his release.

## C. History and Characteristic of Defendant

Next, the Court is to consider Turman's history and characteristics, including his "character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse." § 3142(g)(3)(A).

Turman's parents have offered to house him and to report any violation of his conditions. On review, the Court finds that Turman's parents' assumed responsibility is the only consideration weighing in favor of his release. However, a consideration of Turman's family ties beyond those with his parents would militate against his release because two of his victims were his children. Added to either side of the scale, Turman's remaining characteristics convince the Court that this factor also weighs against Turman's release.

While Turman has apparently lived most of his life in the Flathead Valley, he is unemployed and was transient at the time of his arrest. Turman's financial insecurity does not make him less of a flight risk in light of his apparent habituation to unemployment and a transient lifestyle. Turman's lack of responsibility and stability convinces the Court that he is a flight risk. Additionally, Turman admitted to investigators that he was a drug user and that he would relapse if he were released from incarceration within one year. Lastly, the

Court does not find Turman's lack of a criminal history to tip the scales in either direction. A lack of criminal history does not distinguish Turman but merely places him in the "heartland" of child pornography defendants. *Morace*, 594 F.3d at 350 (noting typicality of the lack of a criminal history in child pornography defendant characteristics).

Turman's history and characteristics do not support his release pending trial.

## D. Nature and Seriousness of Danger to Persons or the Community

If the allegations in the Indictment are true, Turman presents a serious risk to the community. He enjoys the exploitation of children and has gone so far as to exploit his own daughters. While release to his parents' home and electronic monitoring certainly mitigate the risk Turman poses, the risk cannot be eliminated. The Court's conviction on this point is buttressed by the following information elicited during the detention hearing: Turman's parents rent a unit on their property approximately forty feet from their home to a registered sex offender who was previously convicted of crimes involving child pornography and, most importantly, is dating one of Turman's daughters, one of his victims, who frequently visits him with her four-year-old son. The Court is convinced that home detention and electronic monitoring cannot eliminate all potential for Turman to exercise his serious danger to minor children in this situation.

Turman asserts that the Government's concern for the further exploitation of children is somehow mitigated by the fact that his own children have matured significantly since early 2016, the date of the alleged offense. Nonetheless, it is approximated that Turman's children live less than ten miles from his parents' home. Further, as just discussed, one of his daughters visits the neighboring home weekly with her own minor son. While the Court remains concerned of future harm to Turman's daughters, the Court is not solely concerned with harm to them. If Turman perpetrated the instant crime against his own flesh and blood, then he is capable of perpetrating similar crimes against other minor children and his daughters' maturing does not lessen this danger.

Because the four factors contained in § 3142(g) and the rebutted statutory presumption all weigh against Turman's release, the Court is satisfied that no combination of conditions can assure the safety of the public or Turman's appearance at future proceedings. The Government has met its burden of persuasion and detention pending trial is appropriate in this case.

Accordingly,

IT IS ORDERED that the United States' Motion (Doc. 11) is GRANTED. Turman's release is hereby REVOKED.

IT IS FURTHER ORDERED that a warrant for Turman's arrest shall immediately issue.

DATED this 28th day of September, 2018.

*[signature]*
Dana L. Christensen, Chief District Judge
United States District Court